RUTHERFORD C. LAUD *v.* ROBERT WALLACE et al.

CONTRACT: RESCISSION.—A defendant cannot avail himself of an executory agreement to rescind the contract sued on as a defence to the action, if it appear that he has failed to comply with the conditions imposed on him by said agreement, or if it be shown that the agreement has been mutually abandoned by the parties.

IN error from the Circuit Court of Holmes county.   Hon. E. G. Henry, judge.

*J. J. Hooker,* for plaintiff in error.

*John W. Wood,* for defendant in error.

HANDY, J., delivered the opinion of the court.

This was an action upon a promissory note made by the defendants to the plaintiff.

The defendants pleaded, 1st. That the note was obtained by fraud, in concealing a defect in the title to property conveyed in consideration of the note; and that the consideration had wholly failed.   2d. That on the 29th of March, 1854, the plaintiff entered into an agreement with J. & R. Wallace, for whose benefit the note was executed, by which the note was cancelled.   3d. That by virtue of said agreement, the note had been fully paid and discharged.

Upon the trial, after the note had been read by the plaintiff, the

Laud *v.* Wallace et al.

defendants offered and read in evidence a deed from the plaintiff and his wife to James Wallace for a certain store-house and lot in the town of Tchula, and parts of two other lots in the same town, the consideration specified, being the payment of $250 in cash, a promissory note for $300, payable 1st of January thereafter, and another note for $450, payable 1st of January, 1855, the deed bearing date 12th of September, 1853. They further offered and read, an agreement, dated 29th of March, 1854, signed by J. & R. Wallace and the plaintiff, by which it was agreed, in consideration of the delivery of possession of the store-house aforesaid, and in consideration that the said Wallaces would convey to the plaintiff their interest in said house and lot, that they should be exonerated from the payment of said notes; and the plaintiff further thereby agreed to purchase the stock of goods of said Wallaces in the store-house, upon certain specified terms.

The plaintiff then introduced several witnesses, who proved that when the parties were taking an invoice of the goods under the written agreement between them above mentioned, they disagreed as to the price of the goods, and that both of them agreed to abandon that contract; that Robert Wallace continued in possession of the store-house and lots for some months thereafter, and then gave possession to one Black, who set up claim to the same, and that the plaintiff did not get possession; that Wallace also continued in possession of the goods, and sold them for his own use.

Upon this evidence, the jury found for the defendants, and the plaintiff has prosecuted his writ of error.

It is most manifest that this verdict is wholly unwarranted by the evidence. There is nothing to show that the note sued upon was not executed upon a good and sufficient consideration; and there appears to have been no effort on the trial to impeach the original consideration.

The defence is placed entirely upon the ground that the note was rescinded by the written agreement made between the plaintiff and the Wallaces, in March, 1854. But that agreement was executory, and the discharge of the notes mentioned in it was to depend upon the condition, that the Wallaces should convey to the plaintiff their interest in the store-house and lots, and deliver pos-

session thereof to him.   But they not only failed to make the conveyance, so far as the record shows, but delivered possession to a stranger, and actually rescinded that agreement.   It is plain, therefore, that the ageement could have no effect upon the right of the plaintiff to the note; and for aught that appears in this record, that the verdict and judgment should have been for the plaintiff.

The judgment is reversed, the verdict set aside, and the cause remanded for a new trial.